FILED

2019 Jul-23  PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **OZELLEOUS CONWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.: 2018-cv-02067-RDP** |
| | ) | |
| **v.** | ) | |
| | ) | **OPPOSED** |
| **PLASTIPAK PACKAGING, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**PLAINTIFF'S MOTION TO QUASH SUBPOENAS
AND SUPPORTING ARGUMENTS AND/OR AUTHORITIES**

---

COMES NOW the Plaintiff and moves this Honorable Court pursuant to Rule 45(d) of the Federal Rules of Civil Procedure to quash the subpoenas issued by Defendant, Plastipak Packaging Inc., to Plaintiff's former and current medical providers, Willie D. Askew, MD, Mohannad Azzam, MD, David L. Gordon, MD, Ross Gardner, MD, Ryan T. Cordry, DO, Medical West, Princeton Baptist Medical Center, Simon-Williamson Clinic, P.C., and UAB Hospital. Defendant issued these subpoenas over the objections from Plaintiff and has already received medical records from some of the aforementioned medical providers. This motion is in compliance with the Court's Initial Order (Document 13), Appendix II, Exhibit B.

A.    *Background of Discovery Dispute*

1.    Plaintiff asserts claims against Defendant, Plastipak Packaging, Inc., in violation of the Family Medical Leave Act of 1993 ("FMLA").

2.    Plaintiff began working for Defendant in or around August 2015.

3.      Plaintiff was eligible for FMLA leave from August of 2016 up through his termination in February of 2017.

4.      Plaintiff informed Defendant's Human Resources Department or "Talent Department" that he suffered from diabetes and dyslexia when he was first hired by Defendant.

5.      During Plaintiff's employment with Defendant, he suffered from numerous additional illnesses stemming from his diabetes.

6.      On July 1, 2019, Defendant emailed Plaintiff a Notice of Intent to Serve Subpoenas to Plaintiff's former and current medical providers. (Exhibit A - Notice of Intent to Serve Subpoenas with Said Subpoenas). The subpoenas contained the following request:

> "Complete Medical Records including all notes, records, call-ins, scheduling documents, or other documents related to Ozelleous Conwell, D.O.B. _____(HIPAA Order Provided)"

7.      Plaintiff emailed Defendant stating he objected to its Notice of Intent to Serve Subpoenas to Plaintiff's current and former medical providers without limiting the number of years in which service was provided or limiting what types of treatment Plaintiff received from said medical providers. Plaintiff asked Defendant to please revise its subpoena requests. (Exhibit B - Plaintiff's Reply Email to Defendant's Notice of Intent to Serve Subpoenas).

8.      Two (2) weeks later on July 15, 2019, Defendant emailed Plaintiff with its response to the objections to the proposed subpoenas. In no uncertain terms, Defendant conveyed to Plaintiff that under Rule 45 of the Federal Rules of Civil Procedure, their proposed subpoenas were acceptable to send. (Exhibit C - Email from Defendant with Attached letter Responding to Plaintiff's Objections to Its Proposed Subpoenas).

9.      Plaintiff responded on July 17, 2019, to Defendant via email repeating his objections to Defendant's proposed subpoena requests, attaching to the email his first email

objecting to Defendant's subpoenas, Defendant's Notice of Intent to Serve Subpoenas, and a copy of this Honorable Court's Memorandum Opinion from *Stevenson v. Johnson Bros Corporation*, 18-cv-1702-RDP (N.D. Ala. March 7, 2019). (Exhibit D - Plaintiff's Email Objecting to Subpoenas with Aforementioned Attachments).

10.     On July 19, 2019, Plaintiff attempted to contact Defendant via email to ask if it's proposed subpoenas had been served to Plaintiff's medical providers. Plaintiff also informed Defendant that if said subpoenas had been served Plaintiff would file a Motion to Quash said subpoenas. (Exhibit E - Plaintiff's Email Asking Defendant if It's Subpoenas Had Been Served).

11.     In or around July 22, 2019, Defendant emailed Plaintiff informing him that: 1) the objected to subpoenas had been sent to Plaintiff's medical providers; 2) some of Plaintiff's medical providers have already produced Plaintiff's medical records to Defendant; and 3) Defendant expects to receive the rest of Plaintiff's records from his medical providers very soon. Plaintiff responded by saying he would be filing a Motion to Quash Defendant's Subpoenas. (EXHIBIT F - Defendant's Email Stating It Served Subpoenas with Plaintiff's Reply).

B.     *Defendant's Subpoenas are unlimited in time and scope and should be Quashed.*

The subpoenas issued to Plaintiff's former and current medical providers will give Defendant the opportunity to delve into Plaintiff's entire medical history pre-dating his time of employment with Defendant, Plastipak Packaging, Inc. Defendant asserts that under Federal Rule of Civil Procedure 45, a party is not allowed "to stall or freeze a valid subpoena by simply sending a generic email stating they object". However, Plaintiff did object promptly asserting as a basis for her objection that Defendant's subpoenas were not limited to a term of years in which Plaintiff received medical treatment nor were the subpoenas limited to any specific medical

treatment from the medical providers in which Defendant listed in its subpoena notice. Defendant argues further that "only a person "commanded to produce documents" can reply to a subpoena issuer with an objection". However, Federal Rule of Civil Procedure 45 (d)(3)(A)(iii)-(iv) provides that a court is required to quash or modify a subpoena when it "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden".

While Federal Rule of Civil Procedure 45 lays the foundation for instances in which a non-party subpoena may be objected to, it is controlled by Rule 26(b). "The scope of discovery that may be sought through a Rule 45 non-party subpoena is the same permissible scope under Federal Rule of Civil procedure 26(b):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

*Stevenson v. Johnson Bros. Corporation*, 18-cv-1702-RDP, at *4 (N.D. Ala. March 7, 2019). (Citing *Giambrone v. Kearney  & Co., PC.*, 2017 WL 2538705, at *1 (M.D. Fla. June 12, 2017).

The present case involves medical conditions in which Plaintiff suffered when he became eligible to take FMLA leave working for the Defendant. Plaintiff was eligible for FMLA leave from August 2016 through February 2017 when he was terminated. Plaintiff does not argue that he attained certain medical conditions before August of 2016. However, Plaintiff has medical conditions predating and postdating his FMLA eligibility with Defendant that would not be relevant to his FMLA claims. The issued subpoenas will give Defendant unfettered access to Plaintiff's entire medical history. The information received from Defendant's subpoenas are

invading his right to privacy, not relevant to his FMLA claims, and is not proportional to the needs of the case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff moves this Court to enter an order quashing the objected to subpoenas to Plaintiff's current and former medical providers that have produce medical information not relevant to whether Plastipak Packaging, Inc. failed to provide Plaintiff proper FMLA leave.

Respectfully submitted,

Blake C. Edwards

Nicole D. Edwards
*Attorneys for Plaintiff*
EDWARDS & EDWARDS
ATTORNEYS & MEDIATORS, PLLC
3603 Pine Lane SE, Suite C
Bessemer, Alabama 35022
Tel:  (205) 549-1379
Fax: (205) 719-4033
Email: blake@edwardsattys.com
        nicole@edwardsattys.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2019, I officially filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Jeffrey G. Blackwell, Esq.*
Blackwell Law Firm
120 Holmes Avenue Ste. 401
Huntsville, Alabama 35801
Tel: (256) 261-1315
Email: jeff@blackwell-attorneys.com

I hereby certify that I have mailed via United States Postal Service the foregoing document to the following non-CM/ECF participants: None.

/s/ Blake C. Edwards
OF COUNSEL