IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| OZELLEOUS CONWELL, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 2018-cv-02067-RDP |
| | ) | |
| v. | ) | |
| | ) | |
| PLASTIPAK PACKAGING INC., | ) | OPPOSED |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION TO EXTEND UNEXPIRED DEADLINES

Plaintiff, Ozelleous Conwell ("Plaintiff"), respectfully moves this Court to enter an order extending unexpired deadlines and other settings from the Court's April 18, 2019, Scheduling Order (Doc. 19) for forty (40) days. Plaintiff's counsel first mentioned the need for an extension at the conclusion of their 30(b)(6) deposition when new facts were presented that were otherwise unknown. Plaintiff's counsel followed their request for this motion in an email to defense counsel and defense counsel opposed this motion. In support of Plaintiff's motion, he states the following:

1.   On April 18, 2019 the Court entered a Scheduling Order, which set forth the following deadlines and other settings in this matter.

- Deadline to complete discovery – January 24, 2020.

- Dispositive Motion Deadline – February 24, 2020.

- Trial Ready - July 2020.

1

2. The parties have done some work to complete discovery in this matter. To date the only deposition that has been taken is that of the Plaintiff and the Defendant's 30(b)(6) deponent.

3. On February 7, 2019, Defendant sent its Rule 26 Initial Disclosures to Plaintiff. (Exhibit A).

4. To date Defendant has never amended its Rule 26 Initial Disclosures with updated contact information.

5. On February 7, 2019, Plaintiff sent his Rule 26 Initial Disclosures to Defendant. (Exhibit B).

6. On May 20, 2019, Defendant sent its Responses to Plaintiff's Interrogatories and Requests for Production and Admissions.

7. To date Defendant has never amended Plaintiff's Interrogatory No. 12, which reads:

> **PL's INTERROGATORY NO. 12:** For each of the persons Plaintiff listed on his Rule 26 Initial Disclosures, please provide their legal name, most recent position held with the Defendant, dates of employment with the Defendant, last known address, phone number and email address, and whether you contend they are protected from ex parte contact, and if so, the basis for asserting such privilege.
>
> **DEF's ANSWER TO INTERROGATORY NO. 12:** The listed individuals remain employed by Defendant Plastipak. Their positions are noted in the initial disclosures. They may be contacted through Plastipak's counsel.

8. On January 7, 2020, during the Plaintiff's 30(b)(6) deposition, the Defendant revealed, for the first time, that a key witness in the Complaint (Doc. 1), Ms. Shelly Wallace, no longer works for the Defendant as of October 2019.

9. The Defendant also claimed in the 30(b)(6) deposition that it does not claim privilege over Ms. Wallace.

10. The 30(b)(6) deponent said she has Ms. Wallace's contact information, that Ms. Wallace retired to take care of her grandchild, and that she lives in Anniston, Alabama.

11. Plaintiff's counsel asked Defendant's 30(b)(6) deponent to provide the contact information for Ms. Shelly Wallace for deposition purposes and the Defendant agreed to provide the information.

12. Plaintiff to date has not received Ms. Shelly Wallace's telephone number, address, or email.

13. On January 10, 2020, Plaintiff emailed defense counsel about deposing three (3) more people in this case, including Ms. Wallace, and the Defense counsel's January 14, 2020 reply. (Exhibit C).

14. On January 15, 2020, Plaintiff asked Defendant for compliance with an extension of unexpired deadlines due the Defendant's failure to: 1) inform Plaintiff of Ms. Wallace's departure; 2) update its Initial Disclosures; 3) update its Interrogatory Responses; and 4) give Plaintiff the contact information of Ms. Wallace. Then Defendant responded with its position. (Exhibit D).

15. On January 16, 2020, Plaintiff responded to Defendant stating how: 1) Defense counsel and the 30(b)(6) deponent had a chance to tell Plaintiff of Ms. Wallace's departure at the Plaintiff's deposition on November 15, 2019; 2) Ms. Wallace is a key witness and mentioned nine (9) times in the complaint; and 3) Plaintiff plans to file this motion opposed. (Exhibit E).

16. Plaintiff will need the additional time to conduct discovery and the opportunity to contact, subpoena, and depose the Defendant's witnesses.

17. In an unrelated matter, Plaintiff's counsel has two (2) summary judgment briefs due the first week of February 2020.

18.   In light of the foregoing, the Plaintiff proposes the following modifications to the Court's Scheduling Order:

- Deadline to Complete Discovery – March 4, 2020.
- Dispositive Motion Deadline – April 3, 2020.
- Trial Ready – August 2020.

19.   Neither party will suffer any prejudice as a result of the relief requested herein. In addition, this motion is made in good faith, and is not intended to create undue delay or waste judicial reserves.

20.   For the foregoing reasons, the Plaintiff respectfully moves the Court to enter an order extending unexpired deadlines and other settings from the Court's April 18, 2019 Order (Doc. 19) for forty (40) days so he will have time to talk, locate, and depose Ms. Shelly Wallace.

Respectfully Submitted,

/s/ *Nicole D. Edwards*
Nicole D. Edwards
Blake C. Edwards
*Attorneys for Plaintiff*
**EDWARDS & EDWARDS**
**ATTORNEYS & MEDIATORS, PLLC**
3603 Pine Lane SE, Suite C
Bessemer, AL 35022
(205) 549 – 1379
Email: blake@edwardsattys.com
          nicole@edwardsattys.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 16, 2020, I officially filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Jeffrey G. Blackwell, Esq.*
Blackwell Law Firm
120 Holmes Avenue Ste. 401
Huntsville, Alabama 35801
Tel: (256) 261-1315
Email: jeff@blackwell-attorneys.com

      I hereby certify that I have mailed via United States Postal Service the foregoing document to the following non-CM/ECF participants: None.

                                            */s/ Blake C. Edwards*
                                            OF COUNSEL